**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 28 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALIDA RUBIDIA GODINEZ AGUILAR, | No. 07-74581 |
| Petitioner, | Agency No. A073-936-217 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 9, 2010
Pasadena, California

Before: SILVERMAN and GRABER, Circuit Judges, and SCULLIN, District
Judge.[**]

Alida Rubidia Godinez Aguilar, a native and citizen of Guatemala, petitions

for review of a final order of removal seeking remand to the Board of Immigration

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Frederick J. Scullin, Jr., Senior United States District
Judge for the Northern District of New York, sitting by designation.

Appeals ("BIA") for reconsideration of her asylum request. Petitioner argues that the BIA and Immigration Judge ("IJ") disregarded her claim of persecution premised on her uncles' involvement in the Guatemalan military, the IJ failed to make factual findings regarding past persecution, the BIA improperly found the missing facts, and the decisions are too unclear for review. We have jurisdiction over the final order of removal pursuant to 8 U.S.C. § 1252(b)(1). We deny in part and dismiss in part the petition for review.

We must affirm the BIA's decision if there is "reasonable, substantial, and probative evidence" to support the decision based on the record as a whole. *INS v. Elias-Zacarias,* 502 U.S. 478, 481 (1992). The petition for review can be granted only if the evidence presented by petitioner is "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 484.

Neither the BIA nor IJ ignored petitioner's persecution claim. The IJ specifically considered the family military connection, but concluded that petitioner really feared general strife and both sides of the conflict and left Guatemala for that reason. The IJ's finding is supported by petitioner's testimony that she remained in Guatemala for ten years after her father left, never had been personally targeted, and eventually left Guatemala because she feared both the military and guerillas because they assaulted women. The record does not compel

2

a contrary conclusion. The BIA's citation to petitioner's testimony, the IJ's decision, and its cases establishes that it also considered and rejected petitioner's claim.

We lack jurisdiction to consider petitioner's claim that the IJ failed to make factual findings as she never asserted the claim to the BIA and the BIA could have remanded for the IJ to make necessary findings. *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam).

Nor did the BIA improperly make factual findings. The BIA's citations establish that it relied on the IJ's factual findings that petitioner was not targeted by persecutors, feared both the military and guerillas, and had not linked any prior acts to a protected ground.

PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.